In the

## United States District Court for the District of Columbia

| | |
|---|---|
| Adaczc Nwosu<br><br>11630 Leesborough Circle<br>Silver Spring, MD, 20902<br><br>*Plaintiff,*<br><br>vs.<br><br>Judge Dabney Friedrich<br>Chambers of Judge Friedrich<br>U.S District Court for the District of<br>Columbia - 333 Constitution Avenue<br>*Defendant 1*<br><br>Michelle Grady<br>Chambers of Judge Friedrich<br>U.S District Court for the District of<br>Columbia - 333 Constitution Avenue<br><br>*Defendant 2.* | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* | Case: 1:24-cv-00878 JURY DEMAND<br>Assigned To : Reyes, Ana C.<br>Assign. Date : 3/25/2024<br>Description: Pro Se Gen. Civ. (F-DECK)<br><br><br><br><br>CIVIL ACTION NO. |

**Complaint – Breach of Contract with Malice (tort)**

## 1. Basis for Federal Jurisdiction

*1.1. Diversity Jurisdiction*

This case is brought into this federal district court under "Diversity Jurisdiction,"
Whereas, Ms. Nwosu, plaintiff, is a citizen of Nigeria and, Whereas Dabney Friedrich and Michelle Grady, defendants are residents of the District of Columbia, and have their principal place of work in the United States Federal District Court District of Columbia, where the breach of contract occurred, and whereas diversity jurisdiction exists because there is a diversity of citizenship among the parties and, Whereas the amount in controversy exceeds $75,000.00. exclusive of interest and costs.

*1.2. Provisions for Suit Under Judicial Immunity laws*

This case can be heard in this court because judicial immunity does not apply as judge Dabney Friedrich has no jurisdiction and/or whatsoever to deny the plaintiff <u>a basic statutory right</u> in a civil matter: A judge may be held civilly liable when acting in "clear absence of all jurisdiction" see *Bradley v. Fisher, 80 U.S. (13 Wall.) 335, 351 (1872).*

- 1.2.1. In this plaintiff's case, the question posed is not a high standard or obfuscated, or subject to a judicial interpretation of law. The question is: **did the judge violate a statute that allows for a plaintiff to file her first amended complaint pursuant to Federal Rules of Civil Procedure 15(a)?**
- 1.2.2. The answer is yes.
- 1.2.3. It is thus a mechanical question and a simple contravention of law, whereby the judge denied the plaintiff a statutory right to amend her complaint for the first time, though timely filed, and instead dismissed her original complaint for lack of personal jurisdiction over the defendants.
- 1.2.4. As it were the plaintiff's first amended complaint, the judge had an <u>obligation</u> to accept and review the plaintiff's amended complaint. She did not.
- 1.2.5. The judge denied the plaintiff that statutory right without having <u>any</u> jurisdiction to do such, and did so in **clear absence of all jurisdiction.**
- 1.2.6. The judge was advised of this contravention and yet persisted with reckless disregard, thus making the breach of contract action malicious and tortuous.

2. **Legal Authorities for Breach of Contract**

   2.1. Under District of Columbia law, the elements of a valid contract are
   *Enters., LLC v. Quander*, 207 A.3d 1179, 1183 (D.C. 2019); 1.1. Under District of Columbia law, the elements of a valid contract are
   (i) an intent to be bound,
   (ii) Agreement on all material terms,
   (iii) (iii) Assumption of mutual obligations, including: an offer; an acceptance; and consideration. (See REO Acquisition Grp. v. Fed. Nat'l Mortg. Ass'n, 104 F. Supp. 3d 22, 28 (D.D.C. 2015) (applying District of Columbia law); SJ Enters., LLC v. Quander, 207 A.3d 1179, 1183 (D.C. 2019);

   2.2. The basic material terms to which the parties agree by participating in a court of law, in their various roles as judge, clerk, and aggrieved plaintiff as follows:

   2.2.1. By taking an oath to become a judge in a Federal Court in the United States, Judge Dabney acknowledges that she intended to be bound by the Judicial Councils Reform and Judicial Conduct and Disability Act of 1980, and in return, the plaintiff who brought a suit before the judge fully expected, and accepted that the judge would adjudicate her case with impartiality, and abide by the local and federal rules.

   2.2.2. For the second defendant, Michelle Grady, who is a case administrator for Judge Dabney, the plaintiff expected and accepted that she would abide by the local and court rules, as her legal duty required, and to which she agreed when signing her contract to become an employee. Instead, she has violated her duties to the plaintiff, which is to simply docket non-deficient entries, and instead has given heed to the discretionary and prejudicial impositions by her "boss," which nonetheless violate the law, and prejudice the plaintiff.

   2.2.3. Judge Dabney expressly wrote that she would not prejudice the plaintiff in a minute order on January 31st 2024, following the plaintiff's request for a recusal, filed on January 29th 2024. However, this has not happened, instead Judge Dabney denied the plaintiff a statutory right inter alia, illegally, and intentionally, wherein she had no discretionary authority to do so.

3. **Statement of Claim – Breach of Implied Contract**
   3.1. The plaintiff avers that judge Dabney breached her contract with the plaintiff by acting tortuously and/or in bad faith to deny the plaintiff a statutory right and persist in denying the plaintiff a statutory right even after being informed of her contravention of law.
   3.2. This contravention is an [implied] breach of contract because, in bringing her case to a court and before a judge, the plaintiff agreed and expected that the judge would uphold judicial conduct and act with fairness and impartiality, i.e. act with implied and expressed covenants of good faith and fair dealing, even if the outcome is unfavorable to the plaintiff.
   3.3. However, it is not in the judge's discretion to break the law and deny the plaintiff a statutory right. Indeed, pursuant to Judicial Councils Reform and Judicial Conduct and Disability Act of 1980 (28 U.S.C. §§ 332(d)(1), 351-364), Canon 2: A Judge Should Avoid Impropriety and the Appearance of Impropriety in all Activities and [should have] A) Respect for Law: A judge should respect and comply with the law and should act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary.
   3.4. This goes outside the scope of the judge's duties and is a breach of contract. Similarly, against the 2nd defendant, the administrative clerk, her job is to file non-deficient filings as a matter of law, into a case and not give deference to the judge's opinion the acceptability of a filing, as a pre-requisite to determining what is permissible on the docket.
   3.5. The plaintiff thus files this case because Judge Dabney Friedrich, a graduate of Yale law school, has fulfilled the testimonies of non-Yale attorneys, and has boldly and tortuously contravened the law, with reckless disregard.

4. **Plaintiff's Affidavit in Support of Claim**
   4.1. Sometime in January 2024, the plaintiff brought a lawsuit into the United States Court for the District of Columbia against individuals and institutions who acted discriminatorily against her on the basis of race, national origin and age. The case with Case No 23-CV-3841 (DLF) was assigned to judge Dabney
   4.2. On January 29th 2024, the defendants filed a preliminary motion to dismiss the plaintiff's case due to alleged lack of personal jurisdiction

4.3. On February 20th 2024, the plaintiff amended her complaint to include more defendants, to whom the original defendants report to, and who reside within the District of Columbia.

4.4. On March 10 2024, though the plaintiff's first amended complaint is timely filed, judge Dabney denies the plaintiff's motion to amend her complaint even if she does not have discretion over it.

4.5. On March 10 2024, after having seen that the plaintiff's amended complaint and seeing clear and convincingly, that the District of Columbia would have appropriate personal jurisdiction over the defendants, judge Dabney strategically denies the plaintiff her right to amend her complaint.

4.6. On March 10 2024, after dismissing the plaintiff's case, impetuously closed the plaintiff's case.

4.7. On March 13th the plaintiff notified Dabney Friedrich of this statutory contravention and filed a motion to vacate judgement (exhibit 1).

4.8. On March 13th the plaintiff filed a second motion for recusal, which the second defendant did not put on the docket (exhibit 2).

4.9. On or about March 14th the 2nd defendant said she sent the plaintiff's motion for recusal to the judge's chambers because she need the permission of Dabney Friedrich to docket certain filings now the case was closed.

4.10. On or about March 15th 2024, the plaintiff filed a notice of appeal to the Circuit court,

4.11. On March 18th 2024, the plaintiff filed a line filing, stating the rules of appeal and reminding Judge Dabney that since her motion to vacate judgement was filed before the appeal, the plaintiff's appeal won't be heard until she rules (exhibit 3).

4.12. As of 22nd March 2024, more than 72 hours later the plaintiff's line filing is still not on the docket sheet.

4.13. The plaintiff thus brings this suit against the second defendant, the case administrator who aided and abetted the judges' wicked and malicious actions against the plaintiff by protecting her boss's interests by selectively choosing what may be filed into the docket.

4.14. The plaintiff has suffered monetary and financial harm as her case has been unjustly, illegally and strategically delayed by Judge Dabney Friedrich and her accomplice.

5. **Contextual Background – Plaintiff's personal experience with the illegal discriminatory and suppressive tactics of Yale graduates and employees**

    5.1. It is the plaintiff's factual and repeated experience that Yale employees and graduates illegally racially oppress people whom they do not agree with for whatever reason and thus contributes significantly to the persistence of systemic racial oppression in the United States. This behavior has happened on four occasions to the plaintiff alone and has formed the basis in part of civil rights legal action against Yale University.

    5.2. In 2017, after a racist interview with a physician for admission into Yale medical school, the plaintiff was kept on a waitlist indefinitely for months. Later that year, the heavily publicized college admissions scandal broke out and Yale was among the schools receiving bribes from parents in exchange for their students admissions.

    5.3. In 2022, on her transfer admission into the same medical school, the dean of admissions abruptly truncated the plaintiff's application using a series of overt discriminatory tactics, for which the plaintiff had to file a complaint with the US Department of Education with against the institution.

    5.4. In 2023, the plaintiff's civil rights case was suspended indefinitely, and it became significant that the Educational Opportunities Section with the Civil Rights Division of the United States Department of Justice was a Yale graduate, who aided in the indefinite suspension.

    5.5. Additionally, following the voicemail box for the U.S. Department of Education, Office of Civil Rights for the Boston office, which oversees civil rights contraventions in Connecticut and thus Yale, was evidently operated by Yale university, as it stated on the voicemail recording.

    5.6. On the plaintiff's most recent case, a Yale graduate judge has illegally and is actively unduly delaying the plaintiff's discrimination case, even though the judge pretended as though she would be impartial.

    5.7. It is thus irrefutably evident that Yale has a vast network of attorneys in public policy and governmental agencies working diligently to suppress actions against the school, and illegally oppress people who have taken actions against the school. Unfortunately, Yale keeps holding themselves out to be a shameless detractor of the law.

    5.8. Apparently, this behavior by Yale to contravene the law on matters they do not agree with is widespread known among academics globally and attorneys alike. For when the plaintiff sought to transfer into the medical school, her academic advisor from her

master's program in England informed her that Yale graduates had an informal pact to always protect Yale and were cushioned financially and with other non-monetary kickbacks and rewards to disincentivize them from acting against the school's interests.

5.9. Additionally, when the plaintiff sought recourse for her overt discrimination in her transfer admissions in 2022, *nearly all* the attorneys who considered taking her case backed out because they said Yale attorneys, acted as though they were above the law, because they do whatever they like and attempt to get away with it, as in the case of Dabney Friedrich.

6. **Relief**

    6.1. Wherefore the plaintiff's case under judge Dabney that was illegally dismissed and closed, and is now being unduly stalled by Judge Dabney Friedrich, be reassigned to an impartial judge.

    6.2. That Judge Dabney is reported to the Judicial Disabilities committee by her colleagues, as is obligatory, once such a contravention of duties and law is discovered.

    6.3. An order granting, at least a temporary suspension, of Judge Dabney Friedrich, to reinstate the perception of fairness in the court, and to further prevent judicial impropriety on her part.

    6.4. To launch an investigation into other discriminatory practices by judge Dabney in the United States District Court

    6.5. For the court and judges to advocate for laws and amendments akin to the Ku Klux Klan Act of 1871 and Anti-Trust acts, to prevent institutions with large endowments, such as Yale, from using their influence to systemically oppress and influence the judiciary, which ought to remain impartial. Moreover, judges' associations with organizations that act discriminatorily are illegal and unacceptable: it violates canon 2(c) of Judicial Councils Reform and Judicial Conduct and Disability Act of 1980 (28 U.S.C. §§ 332(d)(1), 351-364): Nondiscriminatory Membership. "A judge should not hold membership in any organization that practices invidious discrimination on the basis of race, sex, religion, or national origin." So far, Yale is an organization that practices invidious discrimination on the basis of race, sex, religion, or national origin.

    6.6. Wherefore the plaintiff seeks monetary damages in excess of five million dollars for the harm caused to her and her case by the defendants reckless, tortuous breach of contract and contraventions of federal rules and civil procedure.

    6.7. The plaintiff prays for all other reliefs the court may seem fit, in favor of the plaintiff.

## 7. Certification & Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case- related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 22 March 2024

*[signature]*

Ms Adaeze Nwosu
(Plaintiff)
11630 Leesborough Circle,
Silver Spring,
MD, 20902