UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ADAEZE NWOSU,  *Plaintiff*,  v.  DABNEY FRIEDRICH, *et al.*,  *Defendants*. | Civil Action No. 1:24-878 (ACR) |

## ORDER

Plaintiff Adaeze Nwosu sues Dabney Friedrich, a U.S. District Judge in this District, and Judge Friedrich's case administrator, Michelle Grady. Dkt. 1 (Compl.). Plaintiff alleges that Judge Friedrich was the judge in another civil case brought by Plaintiff, *see Nwosu v. Bolduc*, No. 23-cv-3841 (D.D.C. dismissed Mar. 10, 2024), *appeal docketed*, No. 24-7034 (D.C. Cir. Mar. 18, 2024), and that, "[b]y taking an oath to become a judge in a [f]ederal [c]ourt," Judge Friedrich entered into an implied contract to "adjudicate [Plaintiff's] case with impartiality[] and abide by the local and federal rules," Compl. ¶¶ 2.2.1, 4.1. Plaintiff asserts that Judge Friedrich breached that contract by denying Plaintiff leave to file an amended complaint (which amended pleading, Plaintiff contends, she was entitled to file under Federal Rule of Civil Procedure 15(a)) and dismissing her case.[1] *Id.* ¶¶ 1.2.1-1.2.5, 4.1-.14. Plaintiff further alleges that Judge Friedrich acted "in bad faith," *id.* ¶ 3.1, as evidenced by the fact that Judge Friedrich is a graduate of Yale

---

[1] Plaintiff alleges that she "amended her complaint." Compl. ¶ 4.3. The *Bolduc* docket shows that she filed two motions for leave to file amended complaints, only one of which attached a proposed amended complaint, and that Judge Friedrich denied both motions. *See Bolduc*, No. 23-cv-3841, Dkts. 15, 17, 18; *see also, e.g.*, *El-Amin v. Virgilio*, 251 F. Supp. 3d 208, 211 (D.D.C. 2017) ("Court proceedings are matters of which judicial notice may be taken.").

1

University, against which Plaintiff "has an active administrative and quasi-judicial appeal," Dkt. 1-2 at 7, and whose alumni, Plaintiff avers, routinely "act[] as though they [a]re above the law" and "illegally racially oppress people whom they do not agree with," Compl. ¶¶ 5.1, 5.9. Plaintiff contends that Ms. Grady "violated her duties to [Plaintiff]" under "her contract to become a[] [court] employee" by failing to docket materials submitted by Plaintiff in the case before Judge Friedrich. *Id.* ¶ 2.2.2. Plaintiff seeks $5 million or more in damages, as well as assorted equitable relief, such as an order suspending Judge Friedrich from judicial service. *Id.* ¶¶ 6.1-.7.

Although complaints by *pro se* litigants are "h[e]ld to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), "this benefit is not a license to ignore the Federal Rules of Civil Procedure," *Fontaine v. JPMorgan Chase Bank, N.A.*, 42 F. Supp. 3d 102, 106 (D.D.C. 2014) (cleaned up). Rule 8(a) requires that a complaint contain "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1)-(2). To meet the latter standard, a complaint must "state a claim to relief that is plausible on its face"; that is, it must include "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). A court "may *sua sponte* dismiss a [complaint] . . . without notice" if (1) "it is patently obvious that the plaintiff cannot possibly [state a claim] based on the facts alleged," *Rollins v. Wackenhut Servs., Inc.*, 703 F.3d 122, 127 (D.C. Cir. 2012) (cleaned up), or (2) "it is evident that the court lacks subject-matter jurisdiction," *Evans v. Suter*, No. 09-5242, 2010 WL 1632902, at *1 (D.C. Cir. Apr. 2, 2010) (per curiam) (unpublished decision). When dismissing for failure to state a claim, a court need not grant leave to amend if "the facts

alleged affirmatively preclude relief." *Plummer v. Mayor*, 371 F. App'x 106, 107 (D.C. Cir. 2010) (cleaned up).

The Court concludes that dismissal is appropriate for at least three reasons.

*First*, to the extent Plaintiff seeks relief in the case before Judge Friedrich, *see* Compl. ¶ 6.1, the Court lacks subject matter jurisdiction to grant it because "it cannot review decisions made by another District Judge," *Wiley v. Wilkins*, 671 F. App'x 807, 807 (D.C. Cir. 2016) (per curiam); *see also, e.g.*, 28 U.S.C. §§ 1331-1332 (granting district courts original, not appellate, jurisdiction); *cf. El Bey v. United States*, 697 F. App'x 706, 707 (D.C. Cir. 2017) (per curiam) ("[A] district court in one district or circuit lacks authority to review the decision of a district court in another district or circuit.").

*Second*, Plaintiff lacks standing to pursue the other equitable remedies she seeks, and so the Court does not have subject matter jurisdiction to grant them. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992). To bring a case in federal court, Plaintiff must plausibly allege that she has "suffered an injury in fact fairly traceable to [Defendants'] actions . . . that is likely to be redressed by a favorable decision on the merits." *Food & Water Watch, Inc. v. Vilsack*, 808 F.3d 905, 913 (D.C. Cir. 2015) (cleaned up). Plaintiff "must demonstrate standing separately for each form of relief sought." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 436 (2021) (cleaned up). She cannot conceivably do so with respect to her requested equitable relief.

For instance, Plaintiff appears to request an order "report[ing] [Judge Friedrich] to the Judicial Disabilities committee [sic]," suspending her, and mandating an investigation of her "other discriminatory practices." Compl. ¶¶ 6.2-.4. But such an order would not redress the harms allegedly resulting from Defendants' handling of her case, and whatever "psychic

3

satisfaction" Plaintiff might derive from it is not enough to confer standing.[2]  *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 107 (1998); *cf. Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.").  Moreover, if Plaintiff means to assert that third parties other than Defendants have an as-yet-unfulfilled duty to discipline Judge Friedrich, she lacks standing to sue Defendants.  *See Lujan*, 504 U.S. at 560 (explaining that a plaintiff's "injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court" (cleaned up)).  Similarly, Plaintiff asks "the [C]ourt and judges to advocate for laws and amendments akin to the Ku Klux Klan Act of 1871 . . . to prevent institutions with large endowments, such as Yale, from using their influence to systemically oppress and influence the judiciary."  Compl. ¶ 6.5.  But the possibility that the Court's lobbying would prompt Congress to enact legislation is "speculative" (to put it mildly), rather than "likely," and such a law would, again, do nothing to remedy Plaintiff's injuries from Defendants' conduct.  *Lujan*, 504 U.S. at 560-61 (cleaned up); *see also* Code of Conduct for United States Judges Canon 5 (generally prohibiting the Court from engaging in political activity).

---

[2] The Court also notes that Plaintiff has not cited, and the Court has not found, any authority permitting it unilaterally to suspend or otherwise discipline another U.S. District Judge at a litigant's request.  *See Smith v. Scalia*, 44 F. Supp. 3d 28, 43-44 (D.D.C. 2014) (explaining that "no private cause of action for removal of sitting federal judges" exists under Article III of the Constitution), *aff'd per curiam*, No. 14-5180, 2015 WL 13710107 (D.C. Cir. Jan. 14, 2015); *cf. Newman v. Moore*, No. 23-cv-1334, 2024 WL 551836, at *2-3 (D.D.C. Feb. 12, 2024) (describing the statutory framework under which a circuit judicial council or the Judicial Conference of the United States may, under certain circumstances, temporarily prevent the assignment of new cases to a judge).  Nor is Plaintiff's apparent theory that a federal judge is liable in contract or tort and subject to mandatory discipline whenever any litigant disagrees with one of her rulings tenable.  Thus, even if Plaintiff had standing, she would fail to state a claim.

*Third*, what remains of Plaintiff's case—her request for money damages—is barred by judicial immunity. Judge Friedrich "enjoy[s] absolute judicial immunity from suits for money damages for all actions taken in [her] judicial capacity, unless these actions are taken in the complete absence of all jurisdiction." *Sindram v. Suda*, 986 F.2d 1459, 1460 (D.C. Cir. 1993) (per curiam). "[W]hether an act by a judge is a 'judicial' one relates to the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity." *Mireles v. Waco*, 502 U.S. 9, 12 (1991) (per curiam) (cleaned up). All of Plaintiff's allegations against Judge Friedrich involve plainly judicial functions, such as ruling on Plaintiff's attempts to amend her complaint and dismissing her case. *E.g.*, Compl. ¶¶ 4.3-.6. And while Plaintiff argues that Judge Friedrich acted in the "clear absence of all jurisdiction" because her rulings were purportedly erroneous and made in bad faith, *id.* ¶¶ 1.2.1-1.2.6, judicial immunity "is not overcome by allegations of bad faith or malice and applies even if the challenged action was in error or was in excess of the judge's authority,"[3] *Laverpool v. Taylor Bean & Whitaker Reo LLC*, 229 F. Supp. 3d 5, 16 n.11 (D.D.C. 2017) (cleaned up). As a result, Plaintiff cannot seek damages from Judge Friedrich.

Plaintiff's claims against Ms. Grady collide with the same obstacle. "It is well established that judicial immunity extends to other officers of government whose duties are

---

[3] The Supreme Court has "illustrated the distinction" between acting in the clear absence of jurisdiction and in "excess of jurisdiction with the following examples: if a probate judge, with jurisdiction over only wills and estates, should try a criminal case, he would be acting in the clear absence of jurisdiction and would not be immune," but, "on the other hand, if a judge of a criminal court should convict a defendant of a nonexistent crime, he would merely be acting in excess of his jurisdiction and would be immune." *Stump v. Sparkman*, 435 U.S. 349, 357 n.7 (1978). Plaintiff's claim is not that Judge Friedrich lacked any jurisdiction over her case—it is exactly the opposite, in fact. She asserts that Judge Friedrich erred by, among other things, dismissing her claims for lack of personal jurisdiction. Compl. ¶ 1.2.3. Her allegations thus track the Supreme Court's second example, and Judge Friedrich is immune from any damages claim.

related to the judicial process." *Roth v. King*, 449 F.3d 1272, 1287 (D.C. Cir. 2006) (cleaned up); *accord, e.g.*, *Thomas v. Wilkins*, 61 F. Supp. 3d 13, 19 (D.D.C. 2014), *aff'd per curiam*, No. 14-5197, 2015 WL 1606933 (D.C. Cir. Feb. 23, 2015).  Among the acts covered by that immunity is a court staffer's "refusal to file . . . court submissions," which is "clearly an integral part of the judicial process." *Thomas*, 61 F. Supp. 3d at 19 (cleaned up); *accord Thomas*, 2015 WL 1606933, at *1 (affirming that court staff are immune from claims related to their decisions whether to accept filings).  Because Plaintiff's claims against Ms. Grady are based on her allegedly "aid[ing] and abett[ing] [Judge Friedrich's] wicked and malicious actions . . . by selectively choosing what may be filed [on] the docket," Compl. ¶ 4.13, they too are barred by judicial immunity.

    The upshot is that the Court plainly lacks subject matter jurisdiction to grant the equitable relief Plaintiff seeks, and her allegations "affirmatively preclude [monetary] relief." *Plummer*, 371 F. App'x at 107 (cleaned up).  The Court therefore dismisses this case.  In so doing, it does not leave Plaintiff without a remedy: Plaintiff is free to appeal Judge Friedrich's rulings—and in fact has already done so.  *Nwosu v. Bolduc*, No. 24-7034 (D.C. Cir. filed Mar. 18, 2024); Compl. ¶ 4.10.  She may or may not have a colorable case before the D.C. Circuit.  But she certainly does not have one here.  *See Wiley v. Wilkins*, 134 F. Supp. 3d 308, 310 (D.D.C. 2015) (describing claims as "patently insubstantial" because judge "clearly" enjoyed judicial immunity), *aff'd per curiam*, 671 F. App'x 807 (D.C. Cir. 2016).

    For these reasons, it is hereby

    **ORDERED** that Plaintiff's Complaint, Dkt. 1, and this case are **DISMISSED WITHOUT PREJUDICE**.

    The Clerk of Court is **DIRECTED** to close this case.

**SO ORDERED.**

This is a final appealable Order.  *See* Fed. R. App. P. 4(a).

Date:  April 1, 2024

                                                                  ANA C. REYES
                                                                  United States District Judge